UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JEFFERY BENJAMIN,

                Plaintiff,

  -against-

EBONY BURRELL ## 204 Sumpter Street
Apt. 5, Brooklyn, New York 11233; LAQUAN
WRIGHT, ## 204 Sumpter Street, Apt. 5,
Brooklyn, New York 11233; POLICE OFFICER
CRAIG HESS #14721, 1470 East New York Ave,
Brooklyn, NY; POLICE OFFICER JASON C.
EDWARDS #28678, 1470 East New York Ave.,
Brooklyn, New York; Tytara Lenich, ## District
Attorney of the County of Kings Renaissance Plaza,
350 Jay Street, Brooklyn, New York,

                Defendants.
----------------------------------------------------------X

MEMORANDUM
AND ORDER
05-CV-5294 (SLT)

TOWNES, United States District Judge:

      Plaintiff, a prisoner currently incarcerated at Rikers Island, proceeding *pro se*, files the present action pursuant to 42 U.S.C. § 1983, alleging false arrest. Plaintiff seeks damages of $914,721, 286,784,612,691.00. Complaint at ¶ V. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, but the complaint is dismissed for the reasons below.

<u>Standard of Review</u>

      In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980). Under 28 U.S.C. § 1915

1

(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(I) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion of fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted). Further, under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.

Discussion

Plaintiff brings this action under 42 U.S.C. § 1983. In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

A. Plaintiff Fails To State a False Arrest Claim Against Police Officers

Except for 42 U.S.C. § 1983's requirement that the tort be committed under color of state law, the elements of a federal and state claim of false arrest are substantially identical.

2

Covington v. City of New York, 171 F.3d 117, 121 (2d Cir. 1999); Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996). In order to prove false arrest, a plaintiff must show that (1) the officer intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement and did not consent to it; and (3) the confinement was not otherwise privileged. Lowth v. Town of Cheektowaga, 82 F.3d 563, 569 (2d Cir. 1996). A confinement is "otherwise privileged" where there was probable cause to make the arrest. Id. Further, "[c]ourts evaluating probable cause for an arrest must consider those facts available to the officer at the time of the arrest and immediately before it. . . . Probable cause exists when there are facts and circumstances sufficient to warrant a prudent man that the [suspect] had committed or was committing an offense." Id.; Bullock v. City of New York, No. 02 Civ. 7698, 2004 WL 445137, at * 3 (S.D.N.Y. Mar 12, 2004).

According to the documents submitted by plaintiff, the arresting officers had probable cause for his arrest. Plaintiff lived with his daughter, Ebony Burrell ("Burrell") until March 2005. Complaint, Exhibit A. According to the "Complaint Room Screening Sheet" attached as Exhibit A, plaintiff is accused[1] of committing two burglaries approximately two hours apart on September 28, 2005: (1) entering his daughter's home without permission (using keys which he had refused to return to her) and stealing two leather coats; and, (2) entering his daughter's car without permission and stealing her driver's permit, vehicle registration, and insurance card. Laquan Wright ("Wright"), Ebony Burrell's cousin who was in the apartment at the time, observed plaintiff entering the apartment and taking the two leather coats. Id.. Burrell witnessed

---

[1] The complaint is silent as to whether the charges are pending.

the later burglary of her car, confronted plaintiff and plaintiff fled. Id. On September 29, 2005, when Burrell learned from her sister that plaintiff was at her sister's house, she called 911 and met the police there. Id. Plaintiff is charged with resisting arrest by flailing his arms, refusing to be handcuffed, cursing at the officers and waving an ice pick which he had removed from his waistband.

Since Burrell informed the police that she and Wright had witnessed two burglaries by plaintiff and clearly identified plaintiff, the police had probable cause for arrest. Weyant v. Okst, 101 F.3d 845, 852 (2d Cir.1996) (" Probable cause to arrest exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime."); see also, e.g., Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004); Lowth, 82 F.3d at 569. Probable cause to arrest constitutes justification, and, therefore, when an arresting officer has probable cause to arrest the plaintiff, there can be no cause of action for false arrest. Id. Thus, plaintiff fails to state a claim on which relief may be granted for false arrest against defendants Hess and Edwards. 28 U.S.C. § § 1915 (e)(2)(B)(ii); 1915A.

B. Plaintiff Fails To State a Claim Against Several Defendants

Even if plaintiff had stated a claim for false arrest, Wright and Burrell are not proper parties to a 42 U.S.C. § 1983 action and Lenich is absolutely immune from liability under section 1983 for acts carried out in her prosecutorial capacity.

4

1. Private Parties

Plaintiff fails to state a 42 U.S.C. § 1983 claim against defendants Burrell and Wright. To state a claim under 42 U.S.C.§ 1983, plaintiff must allege facts showing that the defendants acted under color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and therefore, private parties are generally are not held liable. Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). The Fourteenth Amendment, which prohibits states from denying federal constitutional rights and which guarantees due process, applies to acts of states, not to acts of private persons or entities. Rendell-Baker, 457 U.S at 837- 38. Since defendants Burrell and Wright are private persons, they are not a proper party to a § 1983 claim and are dismissed from this action. 28 U.S.C. § 1915 (e)(2)(B)(ii); 1915A.

2. Prosecutorial Immunity

Defendant Assistant District Attorney Tara Lenich ("Linech") has prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976) (prosecutors enjoy absolute immunity from liability under § 1983 in suits seeking damages for acts carried out in their prosecutorial capacities); Doe v. Phillips, 81 F. 3d 1204 (2d Cir. 1996) (same). A prosecutor's immunity applies not only in a courtroom, but also in connection with the decision whether or not to commence a prosecution. Gan v. City of New York, 996 F. 2d 522, 530 (2d Cir. 1993); Maglione v. Briggs, 748 F. 2d 116, 117 (2d. Cir. 1984) ("presentation of a case to a grand jury falls squarely within the prosecutor's traditional function and is thus subject to absolute

immunity"). However, the actions of a prosecutor are not covered by absolute immunity merely because they were performed by a prosecutor; rather, the question is whether the actions "are part of a prosecutor's traditional functions." Doe, 81 F.3d at 1209. A prosecutor has absolute immunity against a claim for damages based on her performance of tasks as an advocate in the conduct of the prosecution. Id.; See Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutor absolutely immune from liability on damages claim that he conspired to present false evidence at criminal trial). Here, Linech was performing a traditional prosecutorial function: preparing a "Complaint Room Screening Sheet" which summarizes the information available to date to the District Attorney's Office regarding an individual's arrest and criminal charges. Therefore, plaintiff's claim against the defendant prosecutor is dismissed. 28 U.S.C. § 1915 (e)(2)(B)(iii); 1915A.

Conclusion

Accordingly, plaintiff's complaint is dismissed for failure to state a claim on which relief may be granted and because it seeks monetary relief from a defendant who is immune from such relief 28 U.S.C. § § 1915 (e)(2)(B);1915A. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Sandra L. Townes
United States District Judge

Dated: Brooklyn, New York
December 1, 2005